IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ALEXANDER A.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

3:19-cv-00483-BR

OPINION AND ORDER

**KEVIN S. KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case. Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY R. MCCLAIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2945

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff James A. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On June 21, 2013, Plaintiff protectively filed his

2 - OPINION AND ORDER

applications for DIB and SSI benefits. Tr. 14, 300.[2] Plaintiff alleges a disability onset date of December 31, 2010. Tr. 14, 300. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on March 31, 2016, and a supplemental hearing on November 17, 2017. Tr. 44-65, 66-133. Plaintiff and a vocational expert (VE) testified at the hearing on March 31, 2016. Plaintiff did not appear in person at the supplemental hearing at which a VE and a medical expert (ME) testified. Plaintiff was represented by an attorney at both hearings.

On February 22, 2018, the ALJ issued an opinion in which she found Plaintiff was not disabled from December 31, 2010, to August 7, 2017, and, therefore, was not entitled to benefits for that period. The ALJ, however, found Plaintiff was disabled starting August 8, 2017, and, therefore, is entitled to benefits beginning on that date. Tr. 35-36. Plaintiff requested review by the Appeals Council. On February 20, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the

---

[2] Citations to the official Transcript of Record (#13) filed by the Commissioner on September 4, 2019, are referred to as "Tr."

3 - OPINION AND ORDER

Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 2, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## **BACKGROUND**

Plaintiff was born on March 27, 1966. Tr. 300. Plaintiff was 44 years old on his alleged disability onset date. Tr. 32. Plaintiff has a high-school education. Tr. 33. Plaintiff has past relevant work experience as a shipyard worker, construction worker, painter-blaster, golf-course maintenance worker, laundry worker, handyman, store laborer, and recycling worker. Tr. 32.

Plaintiff alleges disability due to neck and back injuries; arthritis in his knees, hands, and fingers; pancreatitis; degenerative disc disease; anxiety; seizure disorder; short-term memory problems; and the inability to lift his arms over his head. Tr. 316.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 20-31.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of

evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648

F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p,

at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 31, 2010, Plaintiff's alleged disability onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of "right shoulder acromioclavicular joint (AC) joint arthritis; degenerative disc disease of the lumbar spine; chronic end stage liver disease; alcoholic pancreatitis; alcohol withdrawal induced seizures; alcohol use disorder; and chronic tremor (alcohol related)." Tr. 17.

At Step Three the ALJ concluded during the period from December 31, 2010, to August 7, 2017, Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 18. The ALJ found Plaintiff had the RFC to perform light work during the period from December 31, 2010, to August 7, 2017, with the following limitations: could occasionally climb ramps and stairs; could occasionally stoop, kneel, crouch, and crawl; could occasionally reach overhead with both arms; and could not be exposed to hazards such as unprotected heights, moving machinery, or concentrated exposure to vibration. Plaintiff could reach in all other directions

with both arms; could handle, finger, and feel with both hands; and could perform simple routine tasks with no greater than reasoning level two. Tr. 19.

The ALJ concluded Plaintiff's impairment of brain injury medically met the criteria of Listing 11.04B beginning on August 8, 2017. Tr. 18.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work. Tr. 32.

At Step Five the ALJ found Plaintiff could perform other jobs from December 31, 2010, to August 7, 2017, that existed in the national economy such as office helper, cleaner/housekeeper, and collator operator. Tr. 33. Accordingly, the ALJ found Plaintiff was not disabled from December 31, 2010, to August 7, 2017, and was not entitled to benefits for that period. The ALJ, however, concluded Plaintiff became disabled as of August 8, 2017, and is entitled to benefits beginning on that date. Tr. 35-36.

## DISCUSSION

Plaintiff contends the ALJ erred when she discounted the opinion of the testifying ME, Ashok Jilhewar, M.D., that Plaintiff could perform only sedentary work from December 31,

2010, to August 7, 2017.

**I.  The ALJ did not err in her evaluation of the medical opinion of Dr. Jilhewar.**

As noted, Plaintiff contends the ALJ improperly rejected Dr. Jilhewar's opinion that Plaintiff could only perform sedentary work from December 31, 2010, to August 7, 2017.  The ALJ, however, concluded Plaintiff could perform light work during that period.

**A.   Standards**

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence."  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Id.*  Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest

weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B. Analysis**

On November 17, 2017, Dr. Jilhewar testified as an ME at Plaintiff's supplemental hearing. Tr. 42-65. Dr. Jilhewar identified Plaintiff's primary impairments as chronic pancreatitis; acute alcoholic enteritis; alcohol withdrawal; and chronic pain in his neck, low back, shoulders, and knees. Tr. 47-49. Dr. Jilhewar also testified Plaintiff met the criteria for Listing 11.04B for brain injury beginning August 8, 2017. Tr. 53. He further opined Plaintiff was limited to sedentary work before August 8, 2017, due to chronic pain. Tr. 53. Plaintiff, however, points out that the VE testified there were an insufficient number of sedentary jobs available that Plaintiff could perform during that period. Tr. 62-63.

The ALJ gave "little weight" to Dr. Jilhewar's opinion that Plaintiff could only perform sedentary work before August 8, 2017, on the ground that it was "inconsistent with the longitudinal medical evidence and [Plaintiff's] demonstrated level of functioning." Tr. 31. The ALJ described in detail Plaintiff's medical treatments from April 2001 to August 7, 2017, to support his assessment. For example, on April 5, 2012, Plaintiff was seen in the Emergency Department at Providence Hospital and complained of hip pain following a seizure the day before. Hip x-rays did not show any fractures and indicated Plaintiff had good range of motion without difficulty. Tr. 387-89. Plaintiff was prescribed Tylenol and directed to follow up with his primary-care physician. *Id.* In May 2012 Plaintiff was seen in the Emergency Room of Portland Adventist Hospital and complained of abdominal pain. Clinical examinations showed "full strength" and that Plaintiff did not have any tenderness in his back. Tr. 377. On July 16, 2012, Plaintiff was seen in the Kaiser Emergency Department with complaints of right-rib pain after lifting a heavy object. Plaintiff was diagnosed with rib separation, which was improved by the time he was discharged, and the results of chest x-rays were normal. Tr. 569-70. On November 1, 2012, Plaintiff was seen at the

Portland Adventist Emergency Department and complained of low-back pain. Lumbar spine x-rays showed moderate arthropathy and moderate degenerative disc disease. Plaintiff was given Percocet, which resulted in "dramatic improvement," and he was able to walk without difficulty and subsequently discharged. Tr. 650. On November 2, 2012, Plaintiff was seen at the Kaiser Emergency Room with complaints of abdominal pain. Musculoskeletal examinations showed normal range of motion. Tr. 578. In January 2015 x-rays of Plaintiff's right shoulder were also normal after a reported injury. Tr. 1013. Examinations in January 2016 reflected limited movement of Plaintiff's right shoulder. The record, however, also indicated Plaintiff's "effort appears poor and pain appears overstated." Tr. 1024.

The ALJ also accepted the opinions of Lloyd Wiggins, M.D., and Ward Dickey, M.D., reviewing physicians, who, after reviewing Plaintiff's medical records in 2014, assessed Plaintiff with an RFC in the light-exertional range. Tr. 141-43, 151-53, 165-68, 178-81.

The Dictionary of Occupational Titles (DOT) classifies occupations into five physical-strength ratings: sedentary, light, medium, heavy, and very heavy work. DOT, App. C. The

DOT provides an occupation is sedentary when it "involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." *Id*. The DOT defines occasionally as "exist[ing] up to 1/3 of the time." *Id*. Accordingly, an individual who cannot stand and/or walk for more than 2 hours and 40 minutes (*i.e.*, 1/3 of an eight-hour work day) and who meets the other criteria for sedentary work would be presumed to be limited to sedentary work. The DOT provides a job should be rated as light work

> (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

*Id*. Although the DOT does not provide a definition for "significant degree," SSR 81-10 explains:

> The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing -- the primary difference between sedentary and most light jobs.

15 - OPINION AND ORDER

* * *

> "Frequent" means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, *the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.* Sitting may occur intermittently during the remaining time.

SSR 83-10, 1983 WL 31251, at *6 (emphasis added). Thus, an individual who can stand and/or walk for six hours in an eight-hour day and who meets the other criteria may perform light work. As noted, however, Plaintiff is limited to standing and/or walking four hours in an eight-hour work day, which is between the two presumed categories of sedentary and light.

Based on the record as a whole, the ALJ found Plaintiff had the RFC to perform light work from December 31, 2010, to August 7, 2017. The ALJ also found, and the VE testified, there were sufficient numbers of light-work jobs in the economy that Plaintiff could perform from December 31, 2010, to August 7, 2017. Tr. 62. Plaintiff did not challenge the sufficiency of the light-work occupations cited by the VE.

On this record the Court concludes the ALJ properly discounted the opinion of Dr. Jilhewar regarding Plaintiff's ability to perform only sedentary work during the period December 31, 2010, through August 7, 2017, and provided legally

sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSED** this matter.

IT IS SO ORDERED.

DATED this 6th day of April, 2020.

*Anna J. Brown*
ANNA J. BROWN
United States Senior District Judge